ACTION FOR FORCIBLE DETAINER UNDER A CONTRACT FOR PURCHASE OF LAND.

Common Pleas Court of Lucas County.

FRANK BURROW ET AL. VS. FREDERICK MILLER ET AL.

Decided, April Term, 1922.

*Municipal Court of Toledo—Jurisdiction in Ejectment Proceedings under a Land Contract—Section 1579-286.*

The municipal court of Toledo is without jurisdiction in an action in forcible detainer brought against one in possession of real property under a contract for the purchase thereof.

LLOYD, J.

By these proceedings in error it is sought to reverse a judgment of the municipal court of Toledo entered therein, ousting plaintiffs in error of possession of certain real estate in Toledo held by them under and by virtue of a land contract entered into by and between them and defendants in error.

This contract, dated September 4, 1919, is in the usual form and contains among others, the following provision:

"Fourth. If the said parties of the second part, their heirs or assigns, shall fail to make any of the payments pursuant to this agreement, either of principal or interest, or in payment of taxes, or in any manner break the same, then this contract shall be forfeited on the part of the parties of the second part, and the parties of the first part may retain in their hands the payment or payments then made, and possess all improvements placed upon said premises, as the stipulated damages for the non-payment of this contract, and the said parties of the first part, their heirs and assigns, shall be entitled to the possession of the premises aforesaid, and of all the improvements thereon, and the said parties of the second part covenant and agree that they and all persons holding under them shall and will surrender possession thereof, with the improvements, to the said parties of the first part, their heirs and assigns."

The bill of exceptions shows that plaintiffs in error had been

in default since the 12th day of August, 1921, and for more than thirty days, in one or more payments becoming due by the terms of the contract, article third thereof, providing that payments thereunder might be made within thirty days after falling due.

One of the grounds of the petition in error of plaintiffs in error is that "said court was without jurisdiction as to the subject matter of the action."

The question then is, has the municipal court of Toledo jurisdiction in an action of forcible detainer brought against one in possession of real property under a contract for the purchase thereof.

The jurisdiction of the municipal court of Toledo is such as is given by Section 1579-286 of the General Code.

This section provides that,

"The municipal court shall have and exercise original jurisdiction within the limits of the city of Toledo, as follows:

"1. In all actions and proceedings of which justices of the peace have or may be given jurisdiction."

Then follows other sub-sections some of which do, and some of which do not enlarge the jurisdiction of that court.

Among them is:

"8. In all actions in forcible entry and detention of real property."

It becomes at once apparent that except as its jurisdiction may have been amplified by the legislative enactment creating it, the jurisdiction of the municipal court of Toledo is the same as that of justices of the peace, sub-section 1 of Section 1579-286 so providing.

Chapter 1, Title 11 of the General Code relates to the jurisdiction of justices of the peace. Section 10224 found in this chapter, states the matters with respect to which justices of the peace within and co-extensive with their respective counties shall have jurisdiction and authority. Among the matters therein enumerated we find:

"5.   To try the action of forcible entry and detention, or the detention only of real property."

By examination and comparison, we find that sub-Section 3 of Section 1579-286 and sub-section 5 of Section 10224, are of the same purport and effect. In other words, the municipal court of Toledo has the same jurisdiction in actions of forcible entry and detainer within the limits of the city of Toledo as is conferred upon justices of the peace within their respective counties.

Since by sub-section 1 of Section 1579-286 it is provided that the municipal court of Toledo shall have and exercise original jurisdiction within the limits of the city of Toledo "in all actions and proceedings of which justices of the peace have or may be given jurisdiction," it would seem that except as the jurisdiction of the municipal court has been enlarged, its jurisdictional authority would be limited in whatever way and with respect to whatever matters the jurisdiction of justices of the peace is limited, for the reason that the express authority conferred, together with the limitations, determines the scope of the jurisdicion which may be exercised.

Section 10232 of Chapter I, Title II of the General Code provides that in certain enumerated cases, justices of the peace shall not have jurisdiction.

This Section says that "justices shall not have cognizance of any action"—among others—"on contracts for real estate," and for the reasons I have given, I am of opinion that the municipal court of Toledo in the exercise of its jurisdiction, is bound by this express limitation.

By sub-section 3 of Section 1579-286 the municipal court of Toledo is given jurisdiction "in all actions on contracts, express or implied, when the amount claimed by the plaintiff exclusive of all costs, does not exceed $750."

It was argued by counsel that this provision applied to the case under consideration; but clearly it does not, because by design it would seem, nothing is there provided as to "contracts

for real estate," which leaves sub-section 5 of Section 10232 unaffected in its application.

The wording of sub-section 3 of Section 1579-286 is "in all actions on contracts"; and this general term "contracts" can hardly be said to include "contracts for real estate," when by Section 10232 this character of contract is expressly excluded.

It was said in argument, that Section 10447 of Chapter XIII of the General Code, conferred jurisdiction upon a justice of the peace, and therefore upon the municipal court of Toledo, to entertain an action in forcible detainer against a vendee who has defaulted in his payments under a land contract containing a provision for surrender of possession, upon such default; but it would seem, that Section 10447 cannot give by general terms, what sub-section 5 of Section 10232 expressly takes away.

In *Crafts* v. *Prior*, 51 O. S., 21, at page 23, the court states that in the sense used in this statute, the words "a contract for real estate" means "some bargain or agreement for the purchase or conveyance of real property." In this case it was held that actions for the purchase price of real property, when founded on a contract of sale, are actions "on contracts for real estate," and not within the jurisdiction of justices of the peace; and at page 23 of the opinion, this court says,

"It is to be observed, that actions of which justices are denied jurisdiction, are those 'on contracts for real estate.' These are not limited to actions to compel a conveyance of the land, or for damages for the failure to execute the conveyance, or other breach of the contract by the seller; but include all actions founded on any stipulation of the contract, whether to be performed by the seller or purchaser."

An action to recover a balance of $50 on the purchase of a farm sold and conveyed by one party to another, is no more founded upon a stipulation of a "contract for real estate," than is this action brought in the municipal court to obtain possession of a lot, of which plaintiffs in error are in possession under their contract with defendants in error, for its purchase.

The basis of the action brought in the municipal court was

the stipulation in article fourth of the contract that, if plaintiffs in error failed to make any of the payments as provided in the contract, they would surrender possession of the premises to defendants in error. To determine the question in issue, the court was called upon to consider the entire contract. The court had first to decide what, and when payments were to be made, whether there was a default in any of them and whether the time within which such payments might be made had elapsed. These questions had to be decided by the court before it would make the ultimate and necessary finding that the vendees unlawfully and by force withheld possession of the lot from the vendors, for the possession of which the action was brought.

The action brought by defendants in error in the municipal court is founded upon a "stipulation of the contract." Without this stipulation the action could not have been brought. Clearly it is an action on a contract for real estate within the meaning of sub-section 5 of Section 10232, as defined by the Supreme Court.

In the case of *Cowen* v. *McGoron*, 12 O. C. C. (N. S.), 431, the plaintiff in error, Sarah Cowen, went into possession of the premises there in question, as a tenant, and while so in possession, made a contract with her landlord for the purchase thereof. The court held that,

"A showing of possession under a contract of purchase is a complete defense to an action in forcible detainer; and for failure to perform some of the conditions of the contract the plaintiff must have resort to a suit in ejectment."

What the Supreme Court has said in the Crafts case, would seem to apply with equal force here, and for that reason and for the reason given by the circuit court in the case above cited, I am of the opinion that the municipal court did not have jurisdiction of the subject-matter of the action and that its judgment should be reversed and judgment entered for plaintiffs in error.